UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES KEELS,
    *Plaintiff*,

v.

No. 3: 21-cv-00750 (JAM)

CITY OF WATERBURY *et al.*,
    *Defendants*.

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff James Keels is a prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 seeking money damages stemming from his alleged wrongful conviction, sentencing, and imprisonment. Because Keels does not allege facts that plausibly state a claim for which monetary damages or other relief can be granted under § 1983, I will dismiss the complaint.

**BACKGROUND**

The complaint names two defendants: the City of Waterbury and attorney Michale Richards.[1] The complaint alleges that Keel was arrested for selling narcotics on September 17, 2020.[2] He did not attend his next court date.[3] On October 17, 2020, Keels was arrested twice, once for assault, threatening, and breach of peace, and once for failure to appear in connection with the September arrest.[4] While Keels was in custody, his attorney, Michale Richards, sent him a copy of an arrest warrant application stating that Keels sold heroin to a confidential informant.[5]

Keels alleges that on May 21, 2021 he was sentenced to imprisonment for a term of seven

---

[1] Although the complaint identifies the defendant as "Michale Richards," it is possible that Keels meant to identify an attorney named "Michael Richards" as the defendant.
[2] Doc. #1 at 5 (¶ 1).
[3] *Ibid.*
[4] *Ibid.* (¶ 2).
[5] *Ibid.* (¶¶ 3-4).

years with execution suspended after three years on the charge of sale of heroin as alleged in the arrest warrant application that attorney Richards had sent to him, not for the charges from the September or October arrests.[6] According to Keels, it was improper to sentence him on this charge because he was never arrested on that warrant and was not fingerprinted, arraigned on that charge, or informed of his rights.[7] Keels also alleges that attorney Richards failed to defend him on this charge.[8] Keels seeks damages of $350,000 for mental and emotional distress.[9]

Apart from this lawsuit for money damages under 42 U.S.C. § 1983, Keels has separately filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 against attorney Richards and the Waterbury Police Department.[10] The Court has recently dismissed the petition on the ground that Keels has not exhausted his state court remedies and on the ground that Keels has not named as a defendant the person who has custody of him.[11]

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is *pro se* the allegations of the

---

[6] *Ibid.* (¶¶ 6, 7). Although Keels maintains that he has been sentenced, the Connecticut Department of Correction website reflects that Keels is in custody as an unsentenced prisoner. *See* Connecticut State DOC Offender Information Search, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=224149 (last visited on July 13, 2021); *State v. Keels*, Docket No. U04W-CR20-0492165-S, https://www.jud2.ct.gov/crdockets/parm1.aspx?source=Pending&Key=c844d6eb-b3bf-43b2-adae-caa921ce9e94 (last visited July 13, 2021).
[7] Doc. #1 at 6 (¶ 8).
[8] *Ibid.* (¶ 9).
[9] *Id.* at 6.
[10] *See Keels v. Richards*, 3:21-cv-00751-JAM (D. Conn. 2021).
[11] *See* Doc. #9 to *Keels v. Richards*, 3:21-cv-00751.

complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).[12]

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.

The reason for this rule is to ensure that prisoners do not use federal lawsuits under § 1983 to circumvent ordinary state procedures for challenging a conviction or sentence by means of an appeal or petition for writ of habeas corpus. Thus, if a determination favorable to a plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence," *id.* at 487, a plaintiff must first prove that the conviction or sentence has been reversed on direct appeal or declared invalid before he can pursue a money damages action under § 1983.

Keels alleges that he has been wrongly sentenced on a charge for which he was not even arrested or properly convicted. If Keels were to prevail in this action, the validity of his alleged conviction and sentence would be called into question. Thus, under the rule of *Heck v. Humphrey*, he may not proceed in this action unless he shows that his alleged conviction or sentence has been invalidated. But because (as described above) Keels has yet to exhaust his state court remedies to challenge his alleged conviction and sentence, he has not alleged grounds to conclude that his conviction or sentence has been invalidated. Accordingly, to the extent that

---

[12] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

Keels now seeks relief in the form of money damages under § 1983 from an allegedly wrongful conviction and sentence, the rule of *Heck v. Humphrey* bars his claim.

Even assuming that the rule of *Heck v. Humphrey* did not bar his claim, Keels has not alleged facts to allow for a grant of relief under § 1983 against either of the two named defendants. As to his claim against the City of Waterbury (and assuming that the claim stems from alleged police misconduct), it is well established that a municipality may be liable for unconstitutional misconduct of its police officers only if the misconduct was caused by a municipal policy, practice, or custom, or if it was caused by a municipality's deliberate indifference and inaction in light of a history of prior similar constitutional deprivations by the municipality's police officers. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978); *Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018). Because Keels does not allege facts to show any such municipal policy, practice, custom, or indifference, he does not allege plausible grounds for relief against the City of Waterbury.

As to Keels' claim against attorney Richards, § 1983 allows a plaintiff to seek relief only against a person who acts under color of state law to violate a plaintiff's federal constitutional rights. *See Fabrikant v. French*, 691 F.3d 193, 206-09 (2d Cir. 2012). But a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Tapp v. Champagne*, 164 Fed.Appx. 106, 108 (2d Cir. 2006) (same). Because Keels does not allege facts to show that attorney Richards acted under color of state law, he does not allege grounds for relief under § 1983 against attorney Richards.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action without prejudice

pursuant to 28 U.S.C. § 1915A.

The Clerk of Court shall close this case. If Keels has grounds to allege facts that overcome the concerns set forth in this ruling, then he may file a motion to reopen and an amended complaint on or before **August 13, 2021**.

It is so ordered.

Dated at New Haven, Connecticut this 14th day of July 2021

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge